**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
:
ROBERT EDWARD WILLIAMS,             :
                                    : Civil Action No. 08-1060 (KSH)
             Plaintiff,             :
                                    :
        v.                          :     **O P I N I O N**
                                    :
BERNICE O'NEAL, et al.,             :
                                    :
             Defendants.            :
_____:


**APPEARANCES:**

Robert Edward Williams, Pro Se
Bayside State Prison
#411245B/601856
P.O. Box F-1
Leesburg, NJ 08327

**HAYDEN, District Judge**

    Plaintiff, Robert Edward Williams, currently incarcerated at the Bayside State Prison, Leesburg, New Jersey, seeks to bring this action alleging violations of his constitutional rights in forma pauperis, without prepayment of fees pursuant to 28 U.S.C. § 1915.  Based on plaintiff's affidavit of indigence and prison account statement, the Court will grant his application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a), and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the following reasons, plaintiff's complaint will be dismissed, without prejudice.

## BACKGROUND

The complaint is somewhat unclear.  Plaintiff states that while incarcerated at the Union County Jail, defendant Bernice O'Neal, a nurse at the jail, gave him another inmate's medication by mistake.  According to an attachment to the complaint, the other inmate was named "Ronald Williams," similar to plaintiff's name, "Robert Williams."  The attachment to the complaint also seems to suggest that defendant Anna May Jones, another nurse, gave him the wrong medication.  Plaintiff states within his complaint that he was given inmate "Erick Williamson's" medication.

After the incident(s), plaintiff asked to go to the hospital to have the medicine "pumped out" and for blood work.  Instead, his blood pressure was taken and was determined to be normal.  An in-house doctor ordered blood work, which was not taken until a month later.  Plaintiff states that as a result of receiving the

wrong medication, he slept for 16-17 hours and felt "sluggish and sickly."

Plaintiff asks for monetary compensation as a result of the medication mix-ups.

**DISCUSSION**

**A.   Standard of Review**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.

When determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the allegations in the complaint and

3

reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002)(dismissal pursuant to § 1915(e)(2)).

**B.   42 U.S.C. § 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the

4

Constitution or laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Medical Care Claims**

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care.  See Estelle v. Gamble, 429 U.S. 97, 103-04 (1976).  In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege a serious medical need and behavior on the part of prison officials that constitutes deliberate indifference to that need.  See id. at 106.[1]

To satisfy the first prong of the Estelle inquiry, the inmate must allege facts indicating that his medical needs are serious.  "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Hudson v. McMillian, 503 U.S. 1, 9 (1992).  Serious medical needs include those that have been diagnosed by a physician as requiring treatment or that are so obvious that a

---

[1] The Court notes that it is unclear whether or not plaintiff was a pretrial detainee at the time of this incident, or convicted.  However, even under a pretrial detainee standard of whether or not the denial of medical care constitutes "punishment," see Bell v. Wolfish, 441 U.S. 520 (1979), plaintiff has failed to allege facts indicating that his claim should proceed. As stated within the opinion, plaintiff will be permitted to file a motion to amend the complaint, addressing these deficiencies.

lay person would recognize the necessity for a doctor's attention, and those conditions which, if untreated, would result in lifelong handicap or permanent loss.  See Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

The second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need.  "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm.  See Farmer v. Brennan, 511 U.S. 825, 837-38 (1994).  Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference.  See Andrews v. Camden County, 95 F. Supp.2d 217, 228 (D.N.J. 2000); Peterson v. Davis, 551 F. Supp. 137, 145 (D. Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984).  Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).  "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment." Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted).

In the instant case, it does not appear that plaintiff's injuries from receiving the wrong medication amount to a "serious" medical need.  Plaintiff states that he was "sluggish," "sleepy," and "sickly" for 16-17 hours after the incident.

Furthermore, plaintiff has not alleged facts indicating that the defendants were deliberately indifferent to his needs.  Even assuming, *arguendo*, that plaintiff's medical needs were serious,

6

he was treated by monitoring of his blood pressure and by blood work, albeit a month later.  At most, plaintiff has alleged facts indicating negligence, or medical malpractice, which does not rise to a constitutional violation.

Because plaintiff has failed to establish an Eighth Amendment violation, his claims will be dismissed for failure to state a claim upon which relief may be granted.  However, the dismissal will be without prejudice to plaintiff filing a motion to reopen and an amended complaint in order to correct the deficiencies of his claims, in accordance with the attached Order.[2]

## CONCLUSION

Based on the foregoing, plaintiff's complaint will be dismissed, without prejudice.  See Alston, 363 F.3d at 234 n.7 (stating that with a complaint that makes "little sense," district court could have dismissed complaint without prejudice, to permit plaintiff to amend the complaint to make it plain).  The Court notes that "generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without

---

[2] Plaintiff names two defendants, Crose and West, and says only that he wrote to them about the incident and they did not respond.  It is not clear who these defendants are, whether or not they are state actors, and defendant does not allege sufficient facts indicating they violated his constitutional rights.  Plaintiff may address these deficiencies in his amended complaint, if he so chooses to file.

affecting the cause of action." Martin v. Brown, 63 F.3d 1252, 1257-58 (3d Cir. 1995)(quoting Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976)).  In this case, if plaintiff can correct the deficiencies of his complaint, he may file a motion to reopen these claims in accordance with the attached Order.

/s/  Katharine S. Hayden
_____
KATHARINE S. HAYDEN
United States District Judge

Dated:  April 28, 2008